IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUSTIN LEDOUE,** | : | CIVIL NO. 1:10-CV-02268 |
| **Plaintiff** | : | (Judge Rambo) |
| v. | : | |
| **MARY SABOL,** *et al.*, | : | |
| **Defendants** | : | |

## **M E M O R A N D U M**

Before the court is a motion filed by Plaintiff Justin Ledoue, an inmate incarcerated at the York County Prison in York, Pennsylvania, seeking a temporary restraining order, a preliminary injunction, and declaratory judgment. (Doc. 5.) Plaintiff seeks an order requiring Defendants to immediately provide him with an appropriate diabetic diet. For the reasons set forth below, the motion will be denied.

## **I.   Background**

Plaintiff instituted this civil rights action on November 2, 2010, claiming that Defendants have been deliberately indifferent to his serious medical needs by refusing to provide him with a special diet for his diabetes. He also claims that certain Defendants failed to "curb [this] known pattern of abuse." (Doc. 1 at 4-5.) Plaintiff has also filed the instant motion for a temporary restraining order, a preliminary injunction, and declaratory judgment, seeking an order requiring Defendants to provide him with a diabetic diet. (Doc. 5.) In response, Defendant Dr. Von Kiel has

provided the court with documentary evidence demonstrating that York County Prison has been offering Plaintiff a diet that meets the recommendations set forth by the American Diabetic Association for diabetics and meets or exceeds all of the national standards for both a "heart healthy diet" and a "diabetic diet." (Doc. 23-1.) The evidence also includes Plaintiff's medical records, which reveal that Plaintiff's blood sugar level is checked twice daily and that he is provided insulin as necessary. (*Id.*)

## II.  **Discussion**

Preliminary injunctive relief is extraordinary in nature and should issue in only limited circumstances. *See American Tel. and Tel. Co. V. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1426-27 (3d Cir. 1994), *cert. denied*, 514 U.S. 1103. Moreover, issuance of such relief is at the discretion of the trial judge. *Orson, Inc. v. Miramax Film, Corp.*, 836 F. Supp. 309, 311 (E.D. Pa. 1993). In determining whether to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit consider the following four factors: (1) likelihood of success on the merits; (2) irreparable harm resulting from a denial of relief; (3) the harm to the non-moving party if relief is granted; and (4) the public interest. *United States v. Bell*, 238 F. Supp. 2d 696, 699 (M.D. Pa. 2003) (internal citations omitted). It is the moving party who bears the burden of satisfying these factors. *Id.*

Perhaps the most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted, the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered. *See Cont'l Grp., Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 356 (3d Cir. 1980). Irreparable injury is "potential harm which cannot be redressed by a legal or equitable remedy following a trial." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). A court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the plaintiff from harm." *Id*. The relevant inquiry is whether the party moving for the injunctive relief is in danger of suffering irreparable harm at the time the preliminary injunctive relief is to be issued. *Id*.

Speculative injury does not constitute a showing of irreparable harm. *Cont'l*, 614 F.2d at 359; *see also Public Serv. Co. v. West Newbury*, 835 F.2d 380, 383 (1st Cir. 1987). "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Instant Air Freight*, 882 F.2d at 801 (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1964)). Of course, a prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge. *See Weaver v. Wilcox*, 650 F.2d 22, 27 n.13 (3d Cir. 1981) (prisoner's transfer from the prison moots claim for injunctive and declaratory relief with respect to prison conditions, but not claims for damages). "[A] failure to show a likelihood of

3

success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." *In Re Arthur Treacher's Franchise Litig.*, 689 F.2d 1137, 1143 (3d Cir. 1982).

In considering the factors outlined above, it is clear that injunctive relief is not warranted. In response to the instant motion, Defendants have provided sufficient documentary evidence to show that Plaintiff has been given a diabetic approved diet, which is the very relief sought by Plaintiff in the instant motion. As a result, Plaintiff cannot demonstrate that he will suffer irreparable harm if he is not granted preliminary injunctive relief. *See Falciglia v. Erie County Prison*, No. 06-CV-192E, 2006 WL 4065911, at * 3 (W.D. Pa. Oct. 10, 2006) (finding no irreparable harm where it was documented that prisoner was receiving an appropriate diabetic diet). Thus, the motion will be denied. An appropriate order will issue.

s/Sylvia H. Rambo  
United States District Judge

Dated: July 12, 2011.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUSTIN LEDOUE,** | : | **CIVIL NO. 1:10-CV-02268** |
| **Plaintiff** | : | **(Judge Rambo)** |
| v. | : | |
| **MARY SABOL,** *et al.*, | : | |
| **Defendants** | : | |

# **O R D E R**

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion for temporary restraining order, for preliminary injunction, and for declaratory judgment (Doc. 5) is **DENIED**.

                                              s/Sylvia H. Rambo
                                              United States District Judge

Dated: July 12, 2011.